896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. KOLAR, Plaintiff-Appellant,
v.
GENCORP, S.L. Aggarwal and General Tire & Rubber Co.,
Defendants-Appellees.
 No. 89-3589.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1990.
 
 Before MERRITT, Chief Judge, NATHANIEL R. JONES and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The plaintiff Robert Kolar appeals an adverse decision on summary judgment from District Judge David Dowd concluding that the plaintiff's age discrimination claims should be dismissed. We affirm.
 
 
 2
 The plaintiff's case is one of a number of cases arising from a reduction in force by GenCorp, Inc. when it sold its General Tire subsidiary. Plaintiff was one of a number of people employed in the tire testing section of GenCorp's research division. He was engaged in the physical testing of tires and other rubber products. Because it no longer owned its tire subsidiary and no longer needed to test tires, GenCorp eliminated several employees in this section.
 
 
 3
 At oral argument on February 1, 1990, plaintiff's counsel advised the Court that the material facts and legal theories of Kolar's age discrimination case are basically the same as in the pending case of his co-worker in the tire-testing research section, Febo C. Spagnuolo. Our review of the two cases discloses that Kolar does not rely on appeal on certain statistical evidence and expert testimony to establish a prima facie case, as did Mr. Spagnuolo in his case. Mr. Spagnuolo's case has now been decided by our Court against the position Kolar takes in the instant case, see slip opinion, Barnes, et al. v. Gencorp, Inc., Nos. 89-3104, 89-3192 through 3195 (February __, 1990). For the reasons stated in Barnes by another panel of this Court respecting Mr. Spagnuolo's case, we conclude that the judgment of the District Court here should be affirmed. Because the material facts and legal theories in that case are essentially the same as in the instant case, we are obviously bound by that case as a precedent. In addition, we have independently reviewed the record before us and conclude for the reasons stated by Judge Dowd that the plaintiff has not adduced evidence giving rise to a prima facie federal age discrimination case.
 
 
 4
 Accordingly, the judgment of the District Court is affirmed.